KAHN *v.* GREEN.

1. VENDOR AND PURCHASER—ORAL AGREEMENTS—VARYING TERMS OF WRITTEN CONTRACT.

Oral agreement made prior to execution of land contract, whereby vendee was to assign to another, who was to become sole obligor, may not be given any control over written contract.

On evidence of prior or contemporaneous agreements as varying terms of written contract, see annotation in 17 L. R. A. 273.

2. JUDGMENT—SUMMARY JUDGMENT—DEFENSES—VENDOR AND PUR-
CHASER—ORAL AGREEMENTS.

> Where only showing in opposition to motion for summary judg-
> ment in favor of vendor against vendee for payments due
> under land contract was purported oral agreement made be-
> fore execution of contract, substituting another as vendee,
> who was to become sole obligor, no defense was set forth, and
> motion for summary judgment was properly granted.

Appeal from Wayne; Keidan (Harry B.), J.
Submitted October 27, 1932. (Docket No. 159, Cal-
endar No. 36,801.) Decided December 6, 1932.

Assumpsit by Louis Kahn and another against
Julius Green for instalments under a land contract.
Summary judgment for plaintiffs. Defendant ap-
peals. Affirmed.

*Butzel, Levin & Winston* (*Edward D. Quint* and
*Carl L. Whitchurch,* of counsel), for plaintiffs.

*Shapero & Shapero,* for defendant.

WIEST, J. This is an appeal from a summary
judgment awarded plaintiffs for instalments due on
a land contract executed by defendant.

Defendant contends that a triable issue of fact
was raised by plea and by affidavits in opposition to
the motion for summary judgment.

The land contract was executed July 9, 1926, and
bound defendant to pay specified instalments.
July 21, 1926, defendant assigned the contract to
Samuel Geltner, stating therein the contract price
and interest "which the said assignee and grantee
assumes and agrees to pay." For a time thereafter
Mr. Geltner made payments on the contract. De-
fendant intended to purchase the property, and paid
$500 to bind the bargain, but, when the parties met

to execute the land contract, defendant claims that he asked to be released from his agreement to purchase and have return of the $500 he had paid, and also claims he then stated that Samuel Geltner would enter into the contract as vendee but could not do so at that time, and it was agreed that the contract should be made to defendant as vendee, and, upon his assignment to Geltner, plaintiffs would look to Geltner for pay. Defendant claims that this arrangement and the subsequent assignment released him from the contract and constituted Mr. Geltner the sole obligor. The novation claimed is the familiar one of substitution of a new debtor and discharge of an old debtor by the creditor. But this required the original relation of debtor on the part of defendant under the contract and substitution of Geltner as sole debtor in his stead by consent of plaintiffs. Instead of novation, defendant really seeks to impeach the written contract by a parol agreement preceding its execution.

The land contract established liability on the part of defendant, and the parol agreement, if made, was before the execution of the contract and cannot be given any control over the written contract. Defendant's showing, in opposition to the motion for summary judgment, set forth no defense.

The judgment is affirmed, with costs against defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. BUTZEL, J., did not sit.